708 So.2d 1227 (1998)
Richard P. IEYOUB, Attorney General ex rel., State of Louisiana, Plaintiff-Appellee,
v.
W.R. GRACE & CO.CONN., et al. Defendants-Appellants.
No. 97-728.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1998.
Kenneth E. Badon, Drew Averill Ranier, Lake Charles, Richard F. Scruggs, Samuel M. Millette, Jr., Pascagoula, MS, W. Steve Vozeman, for Richard P. Ieyoub Attorney General ex rel. State.
James Charles Gulotta, Jr., New Orleans, James R. Nieset, Lake Charles, Barry Weldon Ashe, New Orleans, for W. R. Grace & Co.-Conn., et at.
Michael Gonzales Durand, Lafayette, for Interstate Fire & Cas. Co.
Godfrey Bruce Parkerson, Barbara L. Arras, New Orleans, James D. Pagliaro, Philadelphia, PA, C. McSherry Dolan, Dennis J. Valenza, Philadelphia, PA, for U.S. Gypsum Co.
James L. Pate, Lafayette, for Eagle, Inc.
William T. McCall, Lake Charles, for Central Nat. Ins. and Pacific Employers Ins.
*1228 John Michael Veron, Scott James Scofield, Lake Charles, Maria G. Enriquez, Chicago, IL, Charlene Kittredge, for American Reinsurance Co.
Joe A. Brame, Lake Charles for National Cas. Co.
Joseph Maselli, Jr., New Orleans, for American Mfrs. Mut. Ins. Co.
Paul H. Saint-Antoine, Wilson M. Brown, III, Philadelphia, PA, for American Motorists Ins. Co.
Ralph Shelton Hubbard, III, Loree Peacock LeBouef, Celeste Darmstadter, New Orleans, for The Maryland Cas. Co.
Shelby W. McKenzie, William Luther Wilson, John S. Campbell, III, Baton Rouge, for Republic Ins. Co.
Thomas W. Balhoff, Judith R. E. Atkinson, Baton Rouge, for Government Employees Ins. Co.
Claude Alvin Greco, Metairie, Harry Lee, for The Home Ins. Co.
Andrew David Weinstock, Guyton Henri Valdin, Jr., Metairie, for Federal Ins. Co.
Rick J. Norman, Lake Charles, for Zurich Intern. Ltd.
Michael L. Anania, Paul V. Majkowski, New York City, for Continental Cas. Co., et al.
Kevin C. O'Bryon, New Orleans, Jackson H. Ables, III, for Employers Ins. of Wausau.
Daniel Bartoldus, Madelaine Wille, for Fireman's Fund Ins. Co.
Michael D. Carbo, Denise A. Bostick, Kenneth L. Tolar, New Orleans, for London Market Insurers & Guarantee Ins.
Kathy Lee Torregano, New Orleans, for Centennial Ins. Co.
John Powers Wolff, III, Baton Rouge, for Admiral Ins. Co.
R. A. Redwine, New Orleans, for Allianz Underwriters Ins. Co. & Swiss Reins. Co.
Steve M. Sikich, Lake Charles, for Allstate Ins. Co. and Fireman's Fund Ins. Co.
Thomas M. Bergstedt, Lake Charles, for Employers Mut. Cas.
Martin Edward Golden, Baton Rouge, for Hartford Fire Ins. and Twin City Fire Ins.
William J. Bowman, Donald C. Brown, Jr., Lake Charles, for ITT/Hartford Ins. Group.
Mathile Watsky Abramson, Jay Morton Jalenak, Jr., Baton Rouge, for Metropolitan Life Ins. Co.
Stephen Nolan Elliott, Metairie, for Reilly-Benton Co., Inc.
James Michael Garner, New Orleans, for USF & G.
Michael Wayne Adley, Marc W. Judice, Lafayette, for Westport Ins. Corp.
Joel Edward Gooch, Lafayette, for North River Ins. Co.
Matthew Joseph Farley, Barbara M. Weller, New Orleans, Robert L. Joyce, New York City, for Prudential Reinsurance Co., et al.
Thomas J. Quinn, for Terra Nova Ins. Co., Ltd., et al.
Claude D. Vasser, Metairie, for Associated Intern. Ins. Co.
Michael L. Atchley, for U.S. Fire Ins. Co.
Before SAUNDERS, SULLIVAN and GREMILLION, JJ.
SULLIVAN, Judge.
This is an appeal of a summary judgment rendered in favor of plaintiff, Richard P. Ieyoub, Attorney General ex rel. State of Louisiana, in his action for declaratory judgment. At issue in this case is the constitutional validity of a contingency fee legal services contract entered into by the Attorney General with the law firm of Badon & Ranier. The Attorney General retained Badon & Ranier to pursue civil claims on behalf of the State of Louisiana against asbestos manufacturers and their insurers arising from the placement of friable asbestos in state buildings. The trial court ruled that the contract is a valid and constitutional exercise of the Attorney General's discretionary power to file suit civilly on behalf of the State, and the contract does not violate Article VII, § 9 of the Louisiana Constitution requiring immediate deposit into the state treasury of all state funds upon receipt.
*1229 Because we find that the contract violates the separation of powers principle embodied in Article II, § 1 of the Louisiana Constitution, as explained in Meredith v. Ieyoub, 96-1110 (La.9/9/97); 700 So.2d 478, we reverse and remand for further proceedings.

FACTS
The contract was executed on October 25, 1995. In paragraph 5.1, the agreement provides for attorney fees of "thirty percent (30%) of Gross Recovery, if any," subject to a cap of $20,000,000. Paragraph 1.10 defines "Gross Recovery" as:
[T]he aggregate of all sums of money and the present fair market value or equivalent of non-monetary items which become payable or deliverable to or which are paid to and received by or for the State through Counsel [Badon & Ranier], the Attorney General or any agent or employee of any of the foregoing, in settlement or satisfaction of all or any part of the claims and determined before the deduction of any sums due to Counsel in payment or reimbursement of any attorney's fee or Qualifying Expenses due under this Agreement.
The agreement also provides that Counsel and the Attorney General will direct any person making a payment that constitutes "gross recovery" to pay the contingent attorney fees directly to Badon & Ranier.
Pursuant to the contract, Badon & Ranier filed suit on behalf of the State against W.R. Grace & CompanyConn.; United States Gypsum Company; United States Mineral Products Company; Reilly-Benton Company; Eagle, Incorporated; and numerous insurers alleging strict products liability, negligence, redhibition, conspiracy to fraudulently conceal and misrepresent, unfair trade practices, unjust enrichment, and breach of duty of good faith imposed by La.R.S. 22:1220. The State sought to recover general economic and exemplary damages.
In its first amended petition, the State asked the trial court to render a declaratory judgment establishing that the contract with Badon & Ranier is legally valid and enforceable. Badon & Ranier then intervened and requested the same declaratory relief. Thereafter, the trial court issued an order severing the declaratory judgment action from the main demand for asbestos-related damages.
The State moved for summary judgment on its declaratory judgment action. Defendant, W.R. Grace & CompanyConn., then filed an amended answer and reconventional demand for declaratory judgment and injunctive relief. Therein, W.R. Grace & CompanyConn. asserted the contingent fee contract violates Article VII, §§ 9 and 10, Article III, § 16, and Article II, § 1 of the Louisiana Constitution. It requested (1) a declaration that the contingency fee contract is null and unenforceable, and (2) an injunction prohibiting performance under the terms of the contract. W.R. Grace & CompanyConn. then filed a cross motion for summary judgment on its claim for declaratory and injunctive relief.
Several of the other named defendants also then filed amended answers, reconventional demands for declaratory judgment and injunctive relief, and motions for summary judgment. The matter was submitted to the trial court without a hearing pursuant to a written stipulation of facts.
In written reasons for judgment, the trial court determined that the contingent fee portion of any "gross recovery" is owned by Badon & Ranier, not the State. Therefore, the trial court reasoned, the contingent funds would not be "received" by the State and are not required to be deposited immediately in the state treasury pursuant to La. Const. art. VII, § 9. Without addressing the other bases of potential unconstitutionality raised in defendants' reconventional demands and motions for summary judgment and injunctive relief, the trial court granted the State's motion for summary judgment and declared the contract valid, enforceable, and without constitutional defect. The trial court dismissed all other motions and exceptions as moot.

LAW
In Meredith, 700 So.2d 478, the supreme court was faced with a similar question concerning a contract executed by the Attorney General and two private law firms for purposes *1230 of bringing civil claims under the state's environmental laws. The Meredith contract contained provisions similar to the contract at issue in this case. The Louisiana Independent Oil & Gas Association and several of its members filed suit for declaratory judgment of the contract's invalidity under the Louisiana Constitution and for injunctive relief prohibiting performance under the contract.
The supreme court held that the contract in Meredith was an unconstitutional infringement by the Attorney General upon the Legislature's power to control the financial affairs of the State. The supreme court reasoned that, absent constitutional or statutory authority granting the Attorney General the financial authority to hire outside attorneys and pay them on a contingent fee basis, the Attorney General cannot do so. The supreme court concluded that the Legislature can statutorily authorize such contingent fee contracts, which, if done, would not violate the separation of powers doctrine found in Article II, § 1 of the Louisiana Constitution. Because the Legislature had not authorized the Attorney General to enter into the contracts that were at issue in Meredith, the supreme court ruled the contracts were invalid and unenforceable.
The rule of Meredith controls this case. In the present case, neither the Louisiana Constitution nor the Legislature by statute authorized the Attorney General to enter into the contingent fee contract with Badon & Ranier. This contract is, therefore, an unconstitutional infringement on the legislative power over the state's finances. It violates the separation of powers doctrine of La. Const. art. II, § 1 and is invalid and unenforceable.

MOTION FOR REMAND
After the supreme court handed down Meredith, the Attorney General filed a motion to remand this case to the district court. He requested an opportunity to attempt to distinguish Meredith from the present case at a hearing. The Attorney General's motion, which we previously referred to the merits, is hereby denied.

DECREE
For these reasons, we reverse the trial court's summary judgment rendered in favor of the State of Louisiana. We also decree that the contingent fee contract at issue in this case is null and unenforceable. We remand this case to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to Richard Ieyoub, Attorney General ex rel. State of Louisiana, to the extent allowed by law.
REVERSED AND REMANDED.