Dear Mr. Wilkerson:
On behalf of the Jefferson Parish Council, you have requested an opinion of this office regarding the legality of Jefferson Parish's payment of contingency fees, based upon the amount of funds received by the Parish, to private contractors who: (a) process and facilitate Jefferson Parish's requests to the Louisiana Office of Youth Development under the Federal Title IV-E Foster Care Reimbursement Program (the "Foster Care Program"), and (b) identify and prepare federal and state grant proposals (the "Grants") on the Parish's behalf.
Please be advised that this office is not aware of, nor did our research reveal, any provision of state law which would specifically prohibit a parochial government such as Jefferson Parish from contracting with private contractors on a reasonable contingency fee basis. As such, it is the opinion of this office that Jefferson Parish can compensate private contractors, as long as the fees payable in accordance with the contingency fee arrangements are commensurate with the work performed by the contractors and the services received by the Parish.
In reaching our determination herein, we assume that you have examined the all applicable rules, regulations and federal laws with respect to the Foster Care Program, and that you have or will examine all the applicable rules, regulations and laws with respect to the Grants, in order to determine whether any rule, regulation or law specific to the Foster Care Program or the Grants would prohibit the payment of contingent fees to private contractors as you have described.
Out of an abundance of caution, we point out that the decision rendered by the Louisiana Supreme Court in Meredith v. leyoub, 700 So.2d 478 (La. 1997), which held that a contingent fee contract entered into by the Attorney General with a law firm was an unconstitutional infringement by the Attorney General upon the Legislature's power to control the financial affairs of the State. See also: leyoub v. W.R. Grace Co.,708 So.2d 1227 (3rd Cir. 1998) and Louisiana Ethics Opinion No. 2000-0381. *Page 2 
It is the opinion of this office that the Meredith decision would not be applicable to contingency fee arrangements made by the Parish of Jefferson. See also: Town of Mamou v. Fontenot, 756 So.2d 719 (3rd Cir. 2000). As noted in the attachments included with your request, a local governmental subdivision, such as Jefferson Parish, operating under a home rule charter has the power in affairs of local concern as broad as the power of the state, except as limited by the constitution, by law permitted by the constitution, or by its own home rule charter. Konrad v.Jefferson Parish Council, 520 So.2d 393 (La. 1988). You may, however, wish to review the Meredith decision yourself, in order to assure yourself and the Parish that the decision does not impede the Parish entering into contingency fee arrangements.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY:__________________________ DENISE BROU FITZGERALD Assistant Attorney General
 JDC/DBF/dam